FILED
2011 Sep-30 PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **JAMES T. JORDAN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | **4:10-cv-3256-AKK** |
| **WARDEN BOYD and THE ATTORNEY GENERAL OF THE STATE OF ALABAMA,** | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER AND MEMORANDUM OPINION

Before the court is Petitioner James T. Jordan's (Jordan) Petition for Writ of Habeas Corpus ("the Petition") under 28 U.S.C. § 2254. Doc. 1. The Petition asserts that Jordan is being unconstitutionally held in the State of Alabama's Easterling Correctional Facility because his Alabama imposed sentence expired in 1994 due to time served in the Georgia Department of Corrections. *Id.* Based on the foregoing reasons, the court **DENIES** Jordan's Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

The undisputed facts establish that on December 3, 1979, Jordan was sentenced in Cherokee County, Alabama to 10 years for burglary and 10 years for robbery in the Alabama Department of Corrections ("Cherokee County

sentences"). These sentences were to run concurrently with each other. *See* doc. 1, at 9; doc. 6-2, at 43. On March 3, 1980, Jordan was sentenced in DeKalb County, Alabama to two years and six months for grand larceny, another two years and six months for a separate count of grand larceny, and two years for escape ("DeKalb County sentences"). These sentences were to run consecutively with each other. *Id.* The DeKalb County sentences were to run consecutively to the Cherokee County sentences for a total of 17 years in the Alabama Department of Corrections. Doc. 1, at 2.

Jordan was in the custody of the Cherokee County Sheriff on October 1, 1981 and left such custody on that date. Doc. 12, at 2; doc. 6-2, at 44. Jordan and Respondents dispute the circumstances surrounding Jordan's departure from the Cherokee County Sheriff's custody; however, it is undisputed that, on October 9, 1981, Jordan was arrested in Cobb County, Georgia, and subsequently convicted in Georgia of three counts of aggravated assault and one count of kidnaping. He was sentenced to 80 years in the Georgia Department of Corrections. *Id.* Jordan was also indicted for escape by a Cherokee County Grand Jury on October 7, 1981. Doc. 6-2, at 44; doc. 6-10, at 41. However, this indictment was subsequently dismissed on September 29, 1989. Doc. 12, at 2-3; doc. 6-2, at 2; doc. 6-10, at 44. Jordan remained in the custody of the Georgia Department of

Corrections from his arrest on October 9, 1981 until his release on February 27, 2007, when he was returned to the custody of the Alabama Department of Corrections to serve the remainder of his Cherokee and DeKalb County sentences. *Id.*

In June of 2007, Jordan filed a Petition for Habeas Corpus in the Circuit Court of Montgomery County. Doc. 6-2, at 57. Jordan also petitioned for appointment of counsel. *Id.* at 50. In December of 2007, this petition was dismissed for failure to prosecute. *Id.* at 64. Jordan also filed a Petition for Habeas Corpus in the DeKalb County Circuit Court on November 26, 2007. Doc. 6-11, at 23. Due to a venue concern, on March 4, 2008, the court transferred this petition to the Montgomery County Circuit Court. *Id.* at 18. Finally, in January of 2008, Jordan filed a Petition for Habeas Corpus in the Cherokee County Circuit Court. Doc. 6-1, at 13.

On February 25, 2008, the Cherokee County Circuit Court issued an order granting Jordan's motion to proceed *in forma pauperis* and appointing J. Shane Givens as counsel. This order also recommended that the proper procedural mechanism for seeking post-conviction relief based on sentence expiration was a Rule 32.1(d) Petition under the Alabama Rules of Criminal Procedure. Doc. 6-1, at 22. On March 17, 2008, through his appointed counsel, Jordan filed a Rule 32.1

petition arguing that he was voluntarily released from the Cherokee County Sheriff's custody on October 1, 1981, and that under *Anderson v. State*, 710 So. 2d 491 (Ala. Crim. App. 1997), he should receive credit for time served in the Georgia Department of Corrections. Alternatively, Jordan argued that, under *Anderson*, his Alabama sentence should be credited starting on September 29, 1989 - the date Cherokee County dismissed the escape charge relating to his October 1, 1981 departure from custody. Doc. 6-1, at 25-26.

Jordan subsequently filed a Motion to Consolidate his Rule 32 petitions arising from the Cherokee County and DeKalb County sentences in the Cherokee County Circuit Court. Doc. 6-1, at 48. The court never expressly ruled on this motion, but rather entered identical orders for both the Cherokee County and DeKalb County proceedings. *See* doc. 6-2, at 43; doc. 6-10, at 40. Moreover, based on the ongoing Rule 32 petitions, Jordan moved, and the court granted, a motion to dismiss the habeas petition in Montgomery County. Doc. 6-11, at 39. On February 3, 2009, the circuit court issued an order providing that Jordan properly stated a claim under Rule 32 for both his Cherokee and DeKalb County sentences. Doc. 6-1, at 72. Jordan remedied procedural deficiencies in his Rule 32 petition on April 7, 2009. Doc. 6-2, at 33.

On April 13, 2009, the circuit court decided, on the merits, that Jordan

should not receive credit on his Cherokee or DeKalb County sentences for time served in the Georgia Department of Corrections. Doc. 6-2, at 43-48; doc. 6-10, at 40-45. Jordan appealed this decision to the Alabama Court of Criminal Appeals which, on May 14, 2010, upheld the circuit court's opinions on the merits for both the Cherokee County sentences, doc. 6-7, and the DeKalb County sentences, doc. 6-14. The court of appeals entered Certificates of Judgment for these decisions on June 2, 2010. Doc. 6-8; doc. 6-15. Jordan filed the instant Petition in this court on November 23, 2010. Doc. 1. By and through the Alabama Attorney General, the Respondents answered stating that the Petition was time-barred, doc. 6.[1] Jordan filed various motions seeking a judgment on the Petition. *See* docs. 12, 13, 14, 17.

## DISCUSSION

### I. Statute of Limitations

Respondents filed a summary judgment motion arguing that Jordan's Petition is barred by the applicable one-year statute of limitation period for federal

[1] Respondents also assert that the Petition is procedurally defective because it seeks to challenge both the Cherokee County and DeKalb County sentences but "[o]nly judgments entered by one court may be challenged in a single petition." Doc. 6, at 2 (citing Doc. 1, at 2). However, the convictions are not necessarily the relevant judgments in this Petition. Rather, as discussed *infra*, Jordan is actually challenging the state court ruling that he is not entitled to credit on the Alabama sentences. Although technically two separate orders were entered (and two appeals made), these orders were identical, *see* doc. 6-2, at 43; doc. 6-10, at 40, and the orders were entered by the same court. *Id.*; *see also* doc. 6-9, at 43. Moreover, the appellate decisions were identical. Doc. 6-7; doc. 6-14. Therefore, the court finds that addressing both sentences together is consistent with the Habeas Petition instructions and judicially prudent.

habeas petitions. Doc. 6, at 8. Jordan filed the Petition under 28 U.S.C. § 2254, a section of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), doc. 1, at 1, which "imposes a one-year statute of limitations on the federal habeas corpus petitions of prisoners who are 'in custody pursuant to the judgment of a State court.'" *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (citing 28 U.S.C . § 2244(d)(1)). This one-year limitation period begins to run from the *latest of*:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, it the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Respondents appear to rely on § 2244(d)(1)(A), or the date of final judgment pertaining to Jordan's convictions, as the applicable starting date for Jordan's one-year limitation period. Respondents assert that the limitation began to run on

April 24, 1996, because this is the start date for convictions that "became final" prior to the enactment of the AEDPA. Doc. 6, at 8 (citing *Dean v. United States*, 278 F.3d 1218, 1221) (11th Cir. 2002); *see also Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). Accordingly, Jordan "had until April 23, 1997, to file the present petition" because Jordan's Cherokee and DeKalb County convictions "became final" in 1980. Doc. 6, at 9.

The court finds Respondents' contention and underlying reasoning unpersuasive. Jordan's Petition before this court does not allege a wrongful *conviction* or any grounds pertaining to the original convictions; rather, Jordan maintains that he properly served the Alabama sentences during his incarceration in Georgia, and as such, he is unconstitutionally confined after the expiration of such sentences. *See* doc. 1, at 3-5. Therefore, the dates of Jordan's convictions in Cherokee and DeKalb County are irrelevant to the current Petition because Jordan is not challenging the validity of these convictions. The court finds that the more appropriate start date for the one-year limitation period is § 2244(d)(1)(D) - "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Brown*, 512 F.3d at 1307. Specifically, the proper date is when Jordan could have discovered, through due diligence, that after his release from the Georgia Department of Corrections,

he would be returned to the Alabama Department of Corrections to complete the Cherokee and DeKalb County sentences.

For purposes of Respondents' motion for summary judgment, the court finds that February 21, 2007, the date Jordan was released from the state of Georgia's custody and returned to Alabama, is the proper start date. Respondent's motion, doc. 6, fails to address Jordan's factual contention that in October of 1981, Jordan consented to extradition from the Georgia Department of Corrections, and that the Alabama authorities did not "respond to petitioner's waiver of extradition and request for the final disposition of the Detainer." Doc. 5. Under Federal Rule of Civil Procedure 56(e), "[i]f a party fails to . . . properly address another party's assertion of fact . . . the court may . . . (2) consider the fact undisputed for purposes of the motion." Accordingly, Jordan's factual allegations pertaining to his extradition requests and communications with Alabama authorities are deemed undisputed. Moreover, for an individual incarcerated in a foreign jurisdiction, such requests and communications constitute the requisite diligent attempt to ascertain whether he would be returned to Alabama after serving his Georgia sentence. Because the state of Alabama never responded to Jordan's requests, the first time Jordan could have discovered his claim's factual predicate - the expiration of the Alabama sentences - was when the Alabama authorities arrested

Jordan on February 21, 2007. *See* doc. 1, at 9.

From February 21, 2007, the one-year statutory period ran for 129 days until, on June 29, 2007, when Jordan filed a petition for habeas corpus in the Montgomery County Circuit Court of Alabama. Doc. 6-2, at 57.[2] This state petition began a tolling of the § 2244 limitation period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). *See also Wright v. State*, 597 So. 2d 761, 762 (Ala. 1992) (holding that a state petition for writ of habeas corpus "is in reality . . . a Rule 32, A.R.Crim.P., petition"); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (finding that a petition under Rule 32 of the Alabama Rules of Criminal Procedure "is a tolling motion under § 2244(d)(2)").

On May 14, 2010, the Alabama Court of Criminal Appeals upheld the circuit court's judgments on the merits that Jordan's Alabama sentences did not

[2] The court duly notes that this original habeas petition in Montgomery County was ultimately dismissed for failure to prosecute. Doc. 6-2, at 64. However, Jordan properly filed this petition, and it alleged the same grounds for relief as all of his subsequent state habeas and Rule 32 petitions - namely, that Jordan's Alabama sentences expired while he served his Georgia sentence. Accordingly, it is proper to begin tolling on this date - the date state court proceedings initiated. *See Brown*, 512 F.3d at 1307 (establishing that equitable considerations are allowed for the tolling of the § 2244 limitation period including the circumstances of the claim and due diligence exercised by petitioner).

expire while Jordan was incarcerated in the Georgia. *See* doc. 6-7; doc. 6-14. The appellate court entered Certificates of Judgment for these decisions on June 2, 2010. Doc. 6-8; doc. 6-15. Accordingly, the tolling for Jordan's federal habeas petition ended on this date. Jordan filed the current Petition in this court on November 23, 2010, 168 days after the tolling period ended. Therefore, excluding the time tolled by operation of the state court proceedings, Jordan filed the Petition in this court 297 days from the start of the § 2244 limitation period. Jordan's Petition is therefore timely, and Respondents' summary judgment motion, doc. 6, is **DENIED**.

## II. Merits of Jordan's Petition

Although Jordan's Petition is timely, the court finds "from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. *See* 28 U.S.C. § 2243. Stated simply, as a matter of law, Jordan is not entitled to a federal writ of habeas corpus. *See Putman v. Head*, 268 F.3d 1223, 1240 (11th Cir. 2001).

In his Petition, Jordan argues that he "is being held illegally and unconstitutional[sic] by the defendants." Doc. 1, at 5. In support of this contention, Jordan asserts that "on 2.21.07 petitioner made parole in Georgia and was arrested and transported by the defendants to" an Alabama State prison, but "I

don't have a sentence to fulfill [sic] no charges." *Id.* Jordan also maintains that in 1981, the state of Alabama declined to extradite him even after he waived extradition rights. Doc. 5, at 2. Moreover, Jordan incorporates his DeKalb County petition for habeas corpus establishing his primary contention "that the Alabama 17 years sentence may have expired in 1994 [] due to the elemental fact that the alleged (1981) Escape allegation and/or charge was DISMISSED and therefore under the law the 17 years sentence continued to run undisturbed during the entire 25 years petitioner was incarcerated in the State of Georgia Department of Corrections." Doc. 5, at 7.[3]

Alabama state courts have already ruled on the factual and legal questions involved in the current Petition. The circuit court ruled on the merits regarding Jordan's contention that "he was voluntarily released by the Sheriff of Cherokee County, Alabama on October 1, 1981. He asserts, therefore, that because he was

[3] In the DeKalb County petition - provided as evidentiary material for the current Petition, doc. 5 - Jordan asserts that his Alabama sentence also expired under the State of Alabama Corrections Incentive Good Time provisions. Doc. 5, at 8. This contention is not specifically mentioned in the Petition, doc. 1, or his Motion to Amend, doc. 19. Therefore, the issue is not properly plead before the court. Alternatively, Jordan is not entitled to review of this argument in the current § 2254 Petition because he has not "exhausted the remedies in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). It appears from the record that Jordan dropped this argument before obtaining a ruling on the merits. *See* doc. 6-2, at 43; doc. 6-10, at 40. Accordingly, the Alabama Court of Criminal Appeals refused to address this contention because it was not properly preserved for appellate review. *See* doc. 6-7, at 11; doc. 6-14, at 11. If Jordan wishes to raise this issue, he must first exhaust his remedies in state court or demonstrate that such a judgment is not available. *See* 28 U.S.C. § 2254(b)(1)(B).

voluntarily released, he is entitled to jail credit in his Alabama cases for the entire time that he was in custody in Georgia. He contends that his Alabama sentences have been served in their entirely, and that he is being held beyond the expiration of his Alabama sentences." Docs. 6-2, at 44; 6-10, at 41. The court held that Jordan's "prior failure to allege that he was released voluntarily materially impeaches his position on which he relies in the instant case." *Id.* at 48; 45. Specifically, the court found that in prior petitions, Jordan admitted to escaping from Cherokee County custody on October 1, 1981. *Id.* at 46; 43. Based on the evidence submitted, the circuit court concluded that Jordan was not released voluntarily on October 1, 1981.

The Alabama Court of Criminal Appeals, in affirming the circuit court's decision, explained the legal significance between a voluntary release and a finding that Jordan escaped from Alabama custody:

> [T]he Alabama Supreme Court has held that the sentence of an inmate erroneously released without violation of a condition of his parole and through no fault of the inmate's own continues to run while the inmate is free . . . . Where, however, the defendant has secured his liberty through some illegal or void means, or where he has been instrumental in obtaining the release for his own benefit, the release has been treated as an escape and credit for time at liberty has not been granted.

Doc. 6-7; doc. 6-14 (citing *Anderson v. State*, 710 So. 2d 491 (Ala. Crim. App. 1997)). Thus, because the circuit court determined that Jordan was not voluntarily

released from custody in October of 1981, Jordan is not entitled to credit on his Alabama sentence for the time served in the Georgia Department of Corrections.

**A. Jordan failed to exhaust state court remedies.**

As a threshold matter, because Jordan did not completely exhaust state court remedies, he is not entitled to federal habeas review on the issue of being unconstitutionally held by the state of Alabama. In *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), the Court held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. Assuming that Jordan did raise a constitutional issue in the state court proceedings, there is no indication that Jordan petitioned the Alabama Supreme Court for a review of the Court of Criminal Appeals finding. In order to satisfy *O'Sullivan*, Jordan must present evidence that he filed a petition for writ of certiorari in the Alabama Supreme Court. *See* ALA. R. APP. P. 39(a)(1)(D) (stating that writs of certiorari will be considered when the lower court decisions are "in conflict with prior decisions of the Supreme Court of the United States"). The failure to present such evidence or to petition the Alabama Supreme Court bars Jordan from obtaining federal habeas review of his claim.

**B. The state court decision is not contrary to, or involved an unreasonable application of clearly established federal law.**

Moreover, outside of Jordan's exhaustion defect,[4] "[a] federal court may not grant habeas relief unless the decision of a state court either was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Stephens v. Hall*, 407 F.3d 1195, 1201 (11th Cir. 2005) (citing 28 U.S.C. § 2254(d)). All factual determinations "made by a State court shall be presumed to be correct" and the "applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e).

The Eleventh Circuit provides that federal courts must also be "especially deferential" to a state court's legal conclusions. *Stephens*, 407 F.3d at 1202. "A state court decision is contrary to the clearly established precedent of the Supreme Court '(1) if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) if the state court confronts a set of facts

[4] "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent." *Id.* (quoting *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 406 (2000))). Finally, "an unreasonable application of federal law occurs when the state court . . . 'unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context.'" *Id.* (citing *Putman*, 268 F.3d at 1241).

Therefore, the court must ascertain whether the Alabama state courts' legal finding - that an escaped inmate is not entitled to credit for time served in another state's correctional facility for a different and independent crime - is contrary to or involves an unreasonable application of clearly established Supreme Court constitutional precedent. Moreover, from a factual standpoint, the court must determine whether the state court's conclusion - that Jordan was not voluntarily released from Cherokee County custody on October 1, 1981 - is reasonable in the light of the evidence presented.

There is no *clearly established* Supreme Court precedent directly on point, and the court finds that the Alabama state courts neither contradicted nor

unreasonably failed to extend any Supreme Court case law.[5] However, two Eleventh Circuit opinions bare mentioning. In *Palmer v. Dugger*, 833 F.2d 253, 254 (11th Cir. 1987), the court held that a "state prisoner has no federal constitutional right to credit time served prior to sentence absent a state statute granting such credit." In *Boutwell v. Nagel*, 861 F.2d 1530, 1532 (11th Cir. 1988), *certiorari denied*, 490 U.S. 1099 (1989), the Eleventh Circuit held that "[i]f, absent a state statute, a prisoner has no [constitutional] right to credit for time served before he or she has been convicted, then without a statute, the *prisoner certainly has no right to credit for time spent in out-of-state custody while he or she is an escapee* from the state's prison sentence."[6] *Id.* (emphasis added). The court finds no indication, given the legal conclusions of the state courts, that Jordan is currently in the custody of the Alabama Department of Corrections "in

---

[5] The court notes that the only potentially relevant Supreme Court case pertaining to crediting time previously spent incarcerated is *United States v. Wilson*, 503 U.S. 329 (1992), where the Court acknowledged that federal offenders have a right to certain jail-time credit under 18 U.S.C. § 3585. *See Wilson*, 503 U.S. at 335. However, this decision is based on federal legislation pertaining solely to federal prisoners. And as provided by the Eleventh Circuit, there is no constitutional right to such credit. *Palmer v. Dugger*, 833 F.2d 253, 254 (11th Cir. 1987).

[6] The Eleventh Circuit noted that an Alabama statute does credit time for an escapee for "his actual time spent incarcerated within the State of Alabama." *See* Ala. Code § 15-18-6. However, the Eleventh Circuit concluded that "[b]y implication, the Alabama legislature does not intend to credit time spent in prisons outside the state." *Boutwell*, 861 F.2d at 1532, *certiorari denied*, 409 U.S. 1099 (1989). *See also Culbreth v. State*, 966 So. 2d 912, 914 (Ala. Crim. App. 2007) ("This case does not involve a situation where Culbreth escaped from custody following conviction. If that were the case, he would not be entitled to credit for time spent outside the State of Alabama.").

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Moreover, the factual decision by the Alabama state courts is not unreasonable in light of the evidence presented. The AEDPA "'prevents defendants - and federal courts - from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.'" *Suggs v. McNeil*, 609 F.3d 1218, 1227 (11th Cir. 2010) (citing *Renico v. Lett*, 130 S. Ct. 1855, 1866 (2010)).

There are five relevant evidentiary submissions pertaining to whether Jordan was voluntarily released or escaped from custody on October 1, 1981: (1) Jordan's statements that he was released voluntarily; (2) Jordan's statements that he escaped; (3) the Cherokee County escape charge and indictment filed in October of 1981; (4) the dismissal of this formal escape charge in September of 1989; and (5) Alabama's refusal to extradite Jordan from custody in Georgia. *See* docs. 6-1, 6-2.

The state circuit court focused exclusively on Jordan's contradictory statements in the record. Doc. 6-2, at 43-48; doc. 6-10, at 40-45.[7] The court cited

[7] Although it is unclear from the record the evidentiary standard used by the circuit court to determine that Cherokee County did not release Jordan voluntarily, this court is required to give the state court's decision deferential treatment. However, even if the state court used an

a September 6, 2007 statement Jordan made to the Montgomery County Circuit Court where Jordan provided in the "facts" that "Petitioner escaped from Cherokee County Al. Jail on Oct. 1 1981 and was recaptured on Oct. [sic] 1981 in Cobb County Georgia." *See* doc. 6-2, at 50. The court also cited other state habeas petitions where Jordan failed "to allege that he was released voluntarily." Doc. 6-2, at 48; doc. 6-10, at 45. The court concluded that Jordan's affidavits, asserting that he was voluntarily released, *see e.g.*, doc. 6-1, at 99, were therefore impeached. As such, the court found that Jordan produced no actual evidence that he was voluntarily released from Cherokee County custody in 1981. Doc. 6-2, at 48; doc. 6-10, at 41. *See also* doc. 6-7, at 11; doc. 6-14, at 11 (Alabama Court of Criminal Appeals providing that the "record supports the circuit court's ruling denying Jordan's claim alleging that Sheriff Garrett released him from custody").

Although it was certainly reasonable for the Alabama state courts to discredit Jordan's affidavits because of previous inconsistencies, nonetheless, the court finds it prudent to ascertain whether the Alabama state courts acted unreasonable by not addressing the extradition issue and the dismissal of the escape charges. In its assessment, this court is required to use a "high deferential

---

improper standard, Jordan failed to exhaust his state court remedies by failing to petition the Alabama Supreme Court for a writ of certiorari. *See infra*. Therefore, his habeas petition with this court fails.

standard for evaluating state-court rulings." *Stephens*, 407 F.3d at 1202. Nonetheless, based on its independent review, this court finds that the state courts reasonably disregarded these other evidentiary submissions. First, the *only* evidence before the state courts, pertaining to the waiver of extradition rights, were Jordan's affidavits. *See* docs. 6-1, 6-2. Jordan submitted no other evidence documenting the waiver and his correspondence with the Alabama Department of Corrections. Given that the Alabama state courts found Jordan's testimony unreliable and impeached, it is reasonable that they would require more than Jordan's mere affidavits in order to address any potential issue regarding extradition.[8]

Second, it is also reasonable for the Alabama state courts to conclude that Cherokee County's dismissal of the October 1981 escape indictment does not necessarily equate "no fault" status under *Anderson v. State*, 710 So. 2d at 493.

---

[8] Alternatively, the extradition issue, as a legal - not factual - matter is not properly submitted for federal habeas review because Jordan did not exhaust all state remedies. *See* 28 U.S.C. 2254(b)(1)(A). There is no final state court judgment that squarely addresses the potential constitutional consequences of Alabama's failure to extradite Jordan in October of 1981. This court notes however, without deciding, that it sees no constitutional problems with the state of Alabama's failure to immediately extradite Jordan from the custody of the Georgia Department of Corrections even if Jordan demanded such extradition. Stated simply, while a fugitive may have the right to challenge extradition, *see Crumley v. Snead*, 620 F.2d 481 (11th Cir. 1980), a convicted felon serving a valid sentence in Georgia does not have a constitutional right to demand extradition to Alabama when extradition is not sought by the Executive of Alabama.

Indeed, Cherokee County dismissing the escape indictment does not, by clear and convincing evidence, establish that Jordan was, in fact, voluntarily released on October 1, 1981. As such, the Alabama state courts findings that Jordan was not voluntarily released from Alabama custody is entitled to a presumption of correctness. *Stephens*, 407 F.3d at 1201-02. Thus, the court finds that the state courts' factual determinations were reasonable.

Based on the aforementioned reasons, Jordan's Petition for a Writ of Habeas Corpus is **DENIED**.

Done this 30th day of September, 2011.

**ABDUL K. KALLON**
**UNITED STATES DISTRICT JUDGE**